

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-65,555-25

**EX PARTE ALEX WADE, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1222385-E IN THE 185th DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted theft between $100,000 and $200,000 and sentenced to forty-five years' imprisonment. The First Court of Appeals dismissed Applicant's appeal for want of jurisdiction. *Wade v. State*, 01-10-00463-CR (Tex. Crim. App.—Houston [1ˢᵗ Dist.] Sept. 23, 2010) (not designated for publication).

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because he:

A. Failed to file a motion to dismiss the indictment;

B. Failed to file a motion to recuse and/or disqualify the trial judge;

C. Failed to file a "motion for acquittal" because the evidence was insufficient in this case;

D. Failed to request a jury instruction on a defense put forth at trial;

E. Failed to put forth available impeachment and exculpatory evidence for the defense;

F. Failed to call as a witness Attorney Jimmy Brown;

G. Failed to preserve error for direct appeal purposes;

H. Failed to introduce evidence of a civil suit filed by Applicant; and

I. Failed to call as a witness Attorney Byron Sims.

The trial court recommends we dismiss this application pursuant to TEX. CODE CRIM. PROC. art. 11.07, § 4. However, while the Applicant has filed numerous prior habeas corpus applications concerning this conviction, none of his previous applications attacked the underlying validity of this conviction, or they were dismissed on other grounds. We have held the procedural bar of § 4 is limited to instances in which the initial application raised claims regarding the validity of the prosecution or the judgment. *Ex parte Evans*, 964 S.W.2d 643 (Tex. Crim. App. 1998). Because we have not considered the validity of Applicant's prosecution or judgment in any of his previous applications, this application is not barred by art. 11.07, § 4.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court

shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 28, 2016
Do not publish